IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 17-CV-23942-KMW

MONTEL WILLIAMS and MONTEL WILLIAMS
ENTERPRISES, INC.,

       Plaintiffs,

v.

ADVANCEABLE TECHNOLOGY, LLC; BEAUTY STRONG, LLC (f/k/a HATHOR SECRETS, LLC f/k/a SECRETS OF ISIS, LLC); SNOWFLAKE MARKETING LLC; TIMOTHY ISAAC; COMMON SENSE BEAUTY, LLC; HGK GLOBAL MEDIA LLC; and DOES and ABC COMPANIES 1-100 inclusive,

       Defendants.
_____/

### DEFENDANTS COMMON SENSE BEAUTY LLC & HGK GLOBAL MEDIA LLC ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

  Defendants, COMMON SENSE BEAUTY, LLC (hereinafter "CSB") and HGK GLOBAL MEDIA LLC (hereinafter "HGK"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

  1. Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint and demand strict proof thereof.

  2. With respect to Paragraph 2 of Plaintiffs' Amended Complaint, Defendants admit Plaintiff, Montel Williams (hereinafter "WILLIAMS"), hosted a talk show for a number of years. Defendants are without personal knowledge of any further allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore deny those allegations and demand strict proof demanded thereof.

3.      Defendants admit that Defendant Advanceable Technology, LLC supplies and sells products containing cannabidiol (CBD) oils. Defendants otherwise deny the remaining allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint and demand strict proof thereof.

4.      Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint and demand strict proof thereof.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint and demand strict proof thereof.

6.      Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint and demand strict proof thereof.

7.      Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint and demand strict proof thereof.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint and demand strict proof thereof.

9.      Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint and demand strict proof thereof.

**THE PARTIES**

10.     With respect to Paragraph 10 of Plaintiff's Amended Complaint, Defendants admit that Williams is an individual. Defendants are without personal knowledge of any further allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

11.     Defendants are without personal knowledge of the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

12. With respect to Paragraph 12 of Plaintiff's Amended Complaint, Defendants admit Defendant Advanceable Technology, LLC is an Arizona company whose business address is 6501 E. Greenway Parkway, Scottsdale, AZ 85234, who transacts business within the State of Florida and this judicial district. Defendants otherwise deny the remaining allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint and demand strict proof thereof.

13. With respect to Paragraph 13 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Beauty Strong, LLC is an Arizona company whose business address is 6501 E. Greenway Parkway, Scottsdale, AZ 85234. Defendants otherwise deny any further allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint and demand strict proof thereof.

14. With respect to Paragraph 14 of Plaintiffs' Amended Complaint, Defendants admit that Snowflake Marketing, LLC is an Arizona company whose business address is 10456 N 74th Street, suite 805 Scottsdale, AZ 85258 and that it shares an address with other Defendants in this suit. Defendants otherwise deny the remaining allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint and demand strict proof thereof.

15. Defendants admit that HGK Global Media, LLC is an Arizona company whose business address is 6501 E. Greenway Pkwy, Scottsdale, Arizona 85254 which is the same address for Defendant Advanceable and Beauty. Defendants otherwise deny the remaining allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint and demand strict proof thereof.

16. Defendants admit that Common Sense Beauty, LLC is an Arizona company whose business address is 6501 E. Greenway Pkwy, Scottsdale, Arizona 85254 which is the same address for Defendants Advanceable and Beauty. Defendants otherwise deny the remaining allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint and demand strict proof thereof.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

17. Defendants are without personal knowledge of the allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

18. With respect to Paragraph 18 of Plaintiff's Amended Complaint, Defendants admit that Defendant Isaac is a member/manager of Defendants Advanceable Technology, LLC, Beauty Strong, LLC, HGK Global Media, LLC Common Sense Beauty, LLC and Snowflake Marketing, LLC, that he resides in Arizona, and that Defendant Advanceable Technology, LLC transacts business within the State of Florida and this judicial district by selling products to consumers. Defendants otherwise deny the remaining allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint and demand strict proof thereof.

19. Defendants are without personal knowledge of the allegations contained in Paragraph of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

20. Defendants are without personal knowledge of the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint and demand strict proof thereof.

## JURISDICTION AND VENUE

22. With respect to Paragraph 22 of Plaintiffs' Amended Complaint, Defendants admit that this Court would have subject matter jurisdiction for actions arising under the Lanham Act, 15 U.S.C. §1051, *et seq*. and that the Court has subject matter jurisdiction over the actions alleged by Plaintiffs.

4

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

23. With respect to Paragraph 23 of Plaintiffs' Amended Complaint, Defendants admit this Court has personal jurisdiction over Defendant Advanceable Technology, LLC and that venue is proper. Defendants otherwise deny the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint and demand strict proof thereof.

**FACTUAL ALLEGATIONS**

24. Defendants are without personal knowledge of the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

25. Defendants are without personal knowledge of the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

26. Defendants are without personal knowledge of the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

27. Defendants are without personal knowledge of the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

28. Defendants are without personal knowledge of the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint and demand strict proof thereof.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

30. Defendants are without personal knowledge of the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

31. Defendants are without personal knowledge of the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

32. Defendants are without personal knowledge of the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

33. Defendants are without personal knowledge of the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

34. Defendants are without personal knowledge of the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

35. Defendants are without personal knowledge of the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint and demand strict proof thereof.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint and demand strict proof thereof.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

38. Defendants are without personal knowledge of the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint and demand strict proof thereof.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint and demand strict proof thereof.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint and demand strict proof thereof.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint and demand strict proof thereof.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint and demand strict proof thereof.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint and demand strict proof thereof.

45. Defendants are without personal knowledge of the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

46. Defendants are without personal knowledge of the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

Case 1:17-cv-23942-KMW   Document 49   Entered on FLSD Docket 03/08/2018   Page 8 of 17

CASE NO: 17-CV-23942-KMW

47. Defendants are without personal knowledge of the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint and demand strict proof thereof.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint and demand strict proof thereof.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint and demand strict proof thereof.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint and demand strict proof thereof.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint and demand strict proof thereof.

53. With respect to Paragraph 53 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Isaac is a member/manager of Defendants Advanceable Technology, LLC, Beauty Strong, LLC, HGK Global Media, LLC, Common Sense Beauty, LLC and Snowflake Marketing, LLC.  Defendants otherwise deny the remaining allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint and demand strict proof thereof.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint and demand strict proof thereof.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint and demand strict proof thereof.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint and demand strict proof thereof.

## COUNT I
### (Direct, Contributory and/or Vicarious False Advertising under Section 43(a) of the Lanham Act) (By Plaintiff Williams)

57. With respect to Paragraph 57 of Plaintiffs' Complaint, Defendants re-assert the foregoing responses to the allegations contained in Paragraphs 1 – 56 of Plaintiffs' Complaint as though they were set forth verbatim herein.

58. With respect to Paragraph 58 of Plaintiffs' Complaint, Defendants admit that the Lanham Act prevents misrepresenting the nature, characteristics, qualities or geographic origin of goods, services, or commercial activities. Defendants deny the remaining allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint and demand strict proof thereof.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint and demand strict proof thereof.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint and demand strict proof thereof.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint and demand strict proof thereof.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint and demand strict proof thereof.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint and demand strict proof thereof.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint and demand strict proof thereof.

9

REINER & REINER, P.A.
ONE DATRAN CENTER ⬧ 9100 SOUTH DADELAND BLVD ⬧ SUITE 901 ⬧ MIAMI ⬧ FLORIDA ⬧ 33156 ⬧ TEL: 305 670-8282 ⬧ FAX: 305 670-8989

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint and demand strict proof thereof.

**COUNT II**
**(Direct, Contributory and/or Vicarious False Endorsement**
**and Sponsorship, False Designation of Origin, and Unfair Competition**
**under Section 43(a) of the Lanham Act)**
**(By Plaintiff Montel Enterprises)**

66. With respect to Paragraph 66 of Plaintiffs' Amended Complaint, Defendants re-assert the foregoing responses to the allegations contained in Paragraphs 1 – 65 of Plaintiffs' Complaint as though they were set forth verbatim herein.

67. With respect to Paragraph 67 of Plaintiffs' Amended Complaint, Defendants admit the Lanham Act contains the language quoted by Plaintiff. Defendants otherwise deny the remaining allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint and demand strict proof thereof.

68. Defendants are without personal knowledge of the allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint and demand strict proof thereof.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint and demand strict proof thereof.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint and demand strict proof thereof.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint and demand strict proof thereof.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint and demand strict proof thereof.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint and demand strict proof thereof.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint and demand strict proof thereof.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint and demand strict proof thereof.

## COUNT III
### (Violation of the Right of Publicity and Right of Privacy, Fla. Stat. §540.08)
### (By Plaintiff Williams)

77. With respect to Paragraph 77 of Plaintiffs' Amended Complaint, Defendants re-assert the foregoing responses to the allegations contained in Paragraphs 1 – 76 of Plaintiffs' Amended Complaint as though they were set forth verbatim herein.

78. With respect to Paragraph 78 of Plaintiffs' Amended Complaint, Defendants admit Defendants Williams is a former daytime talk-show host. Defendants are otherwise without personal knowledge of the remaining allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

79. With respect to Paragraph 79 of Plaintiffs' Amended Complaint, Defendants assert that Fla. Stat. §540.08 speaks for itself. Defendants deny the remaining allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint and demand strict proof thereof.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint and demand strict proof thereof.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

81. Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint and demand strict proof thereof.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint and demand strict proof thereof.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint and demand strict proof thereof.

84. Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint and demand strict proof thereof.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Amended Complaint and demand strict proof thereof.

**COUNT IV**
**(Violation of the Right of Common Law Right of Publicity**
**(By Plaintiff Williams)**

86. With respect to Paragraph 86 of Plaintiffs' Amended Complaint, Defendants re-assert the foregoing responses to the allegations contained in Paragraphs 1 – 86 of Plaintiffs' Amended Complaint as though they were set forth verbatim herein.

87. With respect to Paragraph 87 of Plaintiffs' Complaint, Defendants admit that Plaintiff Williams is a former daytime talk-show host. Defendants are otherwise without personal knowledge of the remaining allegations in Paragraph 87 of Plaintiffs' Amended Complaint and therefore deny the same and demand strict proof thereof.

88. With respect to Paragraph 88 of Plaintiffs' Amended Complaint, Defendants admit there is a common law right of publicity. Defendants otherwise deny the remaining allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint and demand strict proof thereof.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

89. Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Amended Complaint and demand strict proof thereof.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Amended Complaint and demand strict proof thereof.

91. Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Amended Complaint and demand strict proof thereof.

92. Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint and demand strict proof thereof.

93. Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Amended Complaint and demand strict proof thereof.

94. Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Amended Complaint and demand strict proof thereof.

**COUNT V**
**(Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.)**
**(By all Plaintiffs)**

95. With respect to Paragraph 95 of Plaintiffs' Amended Complaint, Defendants re-assert the foregoing responses to the allegations contained in Paragraphs 1 – 94 of Plaintiffs' Complaint as though they were set forth verbatim herein.

96. Defendants admit the allegations contained in Paragraph 96 of Plaintiffs' Amended Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' Amended Complaint and demand strict proof thereof.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint and demand strict proof thereof.

13

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Amended Complaint and demand strict proof thereof.

100.    Defendants deny the allegations contained in Paragraph 100 of Plaintiffs' Amended Complaint and demand strict proof thereof.

101.    Defendants deny the allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint and demand strict proof thereof.

102.    Defendants deny the allegations contained in Paragraph 102 of Plaintiffs' Amended Complaint and demand strict proof thereof.

## REQUEST FOR RELIEF

A. – H. Defendants deny that the Plaintiffs' are entitled to any of the relief requested against these Defendants in Paragraph A – H of Plaintiffs' Amended Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

103.    As and for a first affirmative defense, Defendants state that Plaintiffs failed to mitigate their damages, if any, and are therefore not entitled to recovery of any damages which could have been mitigated.

104.    As and for a second affirmative defense, Defendants assert that any damages alleged by Plaintiffs were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused or contributed to by Defendants.

105.    As and for a third affirmative defense, Defendants assert that any damages alleged by Plaintiffs were the result of third parties not under the direction or control of Defendants, and Defendants cannot be held responsible for the action of these third parties.

14

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

106. As and for a forth affirmative defense, Defendants state that the Plaintiffs' claims are barred by the doctrine of unclean hands. Plaintiffs' wrongful conduct precludes them from seeking to invoke the court's equitable jurisdiction.

107. As and for a fifth affirmative defense, Defendants state that Plaintiffs have waived any cause of action or claim they may have had against Defendants by reason of Plaintiffs' own actions and course of conduct.

108. As and for a sixth affirmative defense, Defendants state that Plaintiffs are barred by the doctrine of estoppel.

109. As and for a seventh affirmative defense, Defendants state that Plaintiffs' claims are barred under the doctrine of laches and other related doctrines and principles.

110. As and for an eighth affirmative defense, Defendants state that Plaintiffs lack standing under the Lanham Act, 15 U.S.C. §1125 to bring the claims in Count I and Count II.

111. As and for a ninth affirmative defense, Defendants state that the Court lacks personal jurisdiction over these Defendants.

112. As and for a tenth affirmative defense, Defendants state that Plaintiffs' claims are barred as the products that Plaintiffs sell, market, and advertise are illegal under federal law as they contain THC. Plaintiffs cannot avail themselves of remedies in federal court when they are violating federal law.

**JURY TRIAL DEMAND**

Defendants demand trial by jury of all issues so triable.

15

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

CASE NO: 17-CV-23942-KMW

Respectfully submitted:

**REINER & REINER, P.A.**
*Counsel for Common Sense Beauty, LLC,*
*& HGK Global Media LLC*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida 33156-7815
Tel: 305 670-8282; Fax: 305 670-8989
dpr@reinerslaw.com
eservice@reinerslaw.com

By: /S/ DAVID P. REINER, II
_____
DAVID P. REINER, II; FBN 416400

16

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

CASE NO: 17-CV-23942-KMW

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY that on March 8, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

**REINER & REINER, P.A.**
*Counsel for Common Sense Beauty, LLC,*
*& HGK Global Media LLC*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com

By:   /S/ DAVID P. REINER, II
_____
      DAVID P. REINER, II; FBN 416400

*W:\800\86102 - Montel Williams\CSB-HGK Answer to PLs Amend Complaint.docx*

17

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989