UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-23942-CIV-WILLIAMS

MONTEL WILLIAMS and
MONTEL WILLIAMS ENTERPRISES, INC.,

    Plaintiffs,

v.

ADVANCEABLE TECHNOLOGY,
    LLC, *et al.* Defendants.

_____/

## JOINT CONFERENCE REPORT

Pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(b), Plaintiffs and Defendants file this Joint Conference Report:

**I.    Recommended Case Management Track:**

The parties believe this case should be placed on the "Standard Track" as described in S.D. Fla. L.R. 16.1(a)(2)(B). Given the number of parties and third parties involved in this case, the parties agree that the Standard Track is appropriate.

**II.    Areas of discussion as required by Fed. R. Civ. P. 26(f):**

The parties recommend that discovery be conducted as set out in the Fed. R. Civ. P. and S.D. Fla. L. R. 26.1.

**(A)    Initial Disclosures:** As set forth in the Schedule Jointly Proposed By The Parties submitted separately from this Joint Conference Report, the parties propose that their initial disclosures pursuant to Fed. R. Civ. P. 26(a) be made within two weeks of the submission of this Joint Conference Report by August 16, 2018.

**(B)** **Subject and Timing of Discovery:** The parties currently intend to seek discovery with respect to all allegations contained in the Amended Complaint and the Answers and Affirmative Defenses. The parties propose that they may serve interrogatories, requests for production, and request for admissions, in accordance with the Federal Rules of Civil Procedure and S.D. Fla. Local Rules of Practice.

**(C)** **Electronically Stored Information:** The parties agree that electronically stored non-privileged information relevant to the disputed issues in this lawsuit will be produced in a manner consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida. While the parties each reserve all claims of privilege, immunities, and objections to discovery requests, they will each attempt to stipulate as to records custodian searches, the scope of production and searches, and other matters pertaining to electronic discovery. The parties agree that, if and when the issue arises, the parties will negotiate a mutually acceptable protocol for the production of electronically stored information and submit a proposed order regarding the same to the Court.

**(D)** **Privilege and Trial Preparation Materials:** The parties anticipate that claims of privilege, confidentiality, trade secrets or protection of trial preparation materials may arise during the course of this litigation. The parties agree that the standard procedures contained in Fed. R. Civ. P. 26(b) will govern any such claims.

**(E)** **Limitations on Discovery:** The parties do not anticipate any changes or limitations on the scope of discovery imposed under the Fed. R. Civ. P. or the S.D. Fla. Local Rules.

**(F)** **Other Orders:** The parties will likely request the Court to enter a protective order governing the treatment of confidential or trade secret information in accordance with Fed. R. Civ. P. 26(c) and 16(b).

**III.** **Areas of discussion as required by S.D. Fla. L.R. 16.1(b)(2):**

**(A)** **Likelihood of Settlement:** The parties have discussed the possibility of settlement, but no settlement has been reached at this time. The parties will continue to engage in settlement discussions as the case progresses and will promptly notify the Court if they reach a settlement.

**(B)** **Likelihood of Appearance in this Action of Other Parties:** At this time, Plaintiffs intend to seek leave to amend the Amended Complaint to add three additional defendants it has identified through third party discovery that have also engaged in the infringing conduct alleged in the Amended Complaint. Other than these three additional defendants, the likelihood of appearance in this action of other parties is presently unknown.

**(C) Proposed Limits on the Time:**

The proposed limits on the time for discovery and other pre-trial matters are set forth in the Schedule Jointly Proposed By The Parties submitted separately from this Joint Conference Report.

**(D**) **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:** As set forth in the Schedule Jointly Proposed By The Parties, the parties propose a June 13, 2019 deadline for the filing of dispositive motions. The parties will also work together to try to simplify the issues as the case progresses.

**(E)** **The necessity or desirability of further amendments to the pleadings:** Plaintiffs anticipate seeking leave to file an Second Amended Complaint to add three additional defendants it has identified through third party discovery that have also engaged in the infringing conduct alleged in the Amended Complaint.

**(F)** **The possibility of obtaining admissions of fact and documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The parties will attempt to stipulate to as many facts and documents as possible. At this time, it is unknown if the parties will need advance ruling of the Court on admissibility of evidence; if the need arises, the parties will promptly file the appropriate motion(s) with the Court.

**(G)** **Suggestions for the avoidance of unnecessary proof and of cumulative evidence**: The parties agree to consider stipulations, including regarding the authenticity of documents and undisputed facts, to narrow the issues for trial.

**(H)** **Suggestions on the advisability of referring matters to a Magistrate Judge or Master:** Pursuant to Docket No. 5, all discovery disputes and non-dispositive pretrial motions have been referred to Magistrate Judge Edwin G. Torres. The parties do not consent to the referral of any other matters to a Magistrate Judge or Master.

**(I)** **A preliminary estimate of the time required for trial:** The parties agree that a 5-8 day trial is probably appropriate given the facts of this case.

**(J)** **Requested date or dates for:**

    **(i)** **Conference before trial:**   Unknown at this time.

    **(ii)** **Final pretrial conference:**   August 14, 2019

      **(iii)   Trial Period begins:**           August 19, 2019

**(K)   Any other information that might be helpful to the court in setting the case for status or pretrial conference:**  Plaintiffs have demanded a jury trial.


Respectfully submitted,

By:   s/Franklin L. Zemel

Franklin L. Zemel
SAUL EWING ARNSTEIN & LEHR LLP
200 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
Tel: (954) 713-7610
Fax: (954) 713-7710
franklin.zemel@saul.com

And

DAVIS & GILBERT LLP
Marc J. Rachman (mrachman@dglaw.com) (*admitted pro hac vice*)
Joshua Podolnick (jpodolnick@dglaw.com) (*admitted pro hac vice*)
Claudia Cohen (ccohen@dglaw.com) (*admitted pro hac vice*)
1740 Broadway
New York, New York 10019
Tel: (212) 468-4890
Fax: (212) 468-4888

*Attorneys for Plaintiffs Montel Williams and Montel Williams Enterprises, Inc.*


By:   /Philip B. Wiseberg/

James Orrin Williams, Jr. (jwilliams@wlclaw.com)
Philip B. Wiseberg (pwiseberg@wlclaw.com)
Williams Leininger & Cosby
11300 U.S. Highway One, Suite 300
North Palm Beach, FL 33408
Tel: (561) 615-5666
Fax: (561) 615-9606

*Attorneys for Defendants Advanceable Technology, LLC, Beauty Strong, LLC (f/k/a Hathor Secrets, LLC f/k/a Secrets of Isis, LLC), and Timothy Isaac*

By:  /David P. Reiner, II/

David P. Reiner, II
Reiner & Reiner PA
9100 S Dadeland Boulevard, Suite 901
Miami, FL 33156-7815
Tel: (305) 670-8282
Fax: (305)670-8989
dpr@reinerslaw.com

*Attorneys for Defendants Snowflake Marketing LLC, Common Sense Beauty, LLC, and HGK Global Media LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 31, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date in some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

> By: /s/ Franklin L. Zemel
> FRANKLIN L. ZEMEL, ESQ.
> FLORIDA BAR No. 816620